[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 26, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-11990
Non-Argument Calendar

_____

D. C. Docket No. 06-20492-CR-SH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAVID DION JONES, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(February 26, 2008)**

Before CARNES, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

David Dion Jones appeals his conviction and sentence for possession with

intent to distribute crack cocaine, in violation of 21 U.S.C. § 841.

Jones agreed to plead guilty to a single count of possession with intent to distribute crack cocaine, in violation of 21 U.S.C. § 841. At the change-of-plea hearing, Jones indicated that he had a twelfth grade education, that he was satisfied with counsel, and that he had read and signed the plea agreement. The court asked defense counsel, "have you advised your client of all the rights he has standing as someone accused of a commission of a crime in this our system of criminal justice?" Counsel indicated that he had. After confirming that no one had made any promises to Jones in exchange for the plea, and explaining the sentencing procedure, the court stated that it found the plea to be knowing and voluntary. Although the court informed Jones that he had the right to plead not guilty and proceed to trial, the court made no other inquiry under Fed. R. Crim. P. ("Rule") 11. The entire colloquy lasted fifteen minutes.

Based on the calculated guidelines range and the sentencing factors in 18 U.S.C. § 3553(a), the court sentenced Jones to 151 months' imprisonment. Jones now appeals, arguing that the court plainly erred by failing to adhere to the mandates of Rule 11 to ensure he understood the consequences of his plea and advise him of the rights he would be waiving by pleading guilty. He notes that one of the rights the court should have informed him of was the right to confront witnesses, and that because the charges against him were based on his interaction

2

with a confidential informant, the right to cross-examine his accuser was crucial to his decision to enter a plea.

When a defendant raises a Rule 11 objection for the first time on appeal, we review that objection for plain error. United States v. Vonn, 535 U.S. 55, 59, 122 S.Ct. 1043, 1046, 152 L.Ed.2d 90 (2002); United States v. Monroe, 353 F.3d 1346, 1349 (11th Cir. 2003). Under plain error review, the defendant has the burden to show that there is an: (1) error; (2) that is plain; (3) that affects substantial rights. United States v. Olano, 507 U.S. 725, 732, 113 S.Ct. 1770, 1776, 123 L.Ed.2d 508 (1993). If these three elements are met, the court may exercise its discretion to correct the error if it "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." Id. (citation omitted). "[A] defendant who seeks reversal of his conviction after a guilty plea, on the ground that the district court committed plain error under Rule 11, must show a reasonable probability that, but for the error, he would not have entered the plea." United States v. Dominguez-Benitez, 542 U.S. 74, 83, 124 S.Ct. 2333, 2340, 159 L.Ed.2d 157 (2004). As the Supreme Court has explained, however, "when the record of a criminal conviction obtained by guilty plea contains no evidence that a defendant knew of the rights he was putatively waiving, the conviction must be reversed. We do not suggest that such a conviction could be saved even by overwhelming evidence that the defendant

3

would have pleaded guilty regardless." Id. (citing Boykin v. Alabama, 395 U.S. 238, 243, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969)).

In evaluating whether a defendant has shown that his substantial rights were affected or prejudiced, this court has examined the three "core objectives" of Rule 11: "(1) ensuring that the guilty plea is free of coercion; (2) ensuring that the defendant understands the nature of the charges against him; and (3) ensuring that the defendant is aware of the direct consequences of the guilty plea." Monroe, 353 F.3d at 1354 (internal citations omitted). There is no mechanical rule to apply in determining whether the district court adequately informed the defendant of the nature of the charges against him, and this court conducts a case-specific inquiry that depends on the complexity of the charges and "the defendant's sophistication and intelligence." United States v. Camacho, 233 F.3d 1308, 1314 (11th Cir. 2000) (citations omitted). This court has upheld "plea colloquies that fail to address an item expressly required by Rule 11 so long as the overall plea colloquy adequately addresses these three core concerns." Monroe, 353 F.3d at 1354.

Rule 11 requires the court to inform the defendant of, and determine that the defendant understands, that he has the right to a jury trial; the right to be represented by counsel; the right at trial to present, confront and cross-examine witnesses; and the right to be protected from compelled self-incrimination, and to

4

testify and present evidence. The court also must explain that he will be waiving these trial rights if the court accepts the plea. Finally, the court must confirm that the defendant understands the nature of the charges against him. Fed. R. Crim. P. 11(b)(1)(C)-(G).

Here, the record reflects that the court failed to inquire into Rule 11's core concerns; to determine if Jones understood the rights he would be waiving by pleaded guilty, the court simply asked counsel of counsel had discussed the rights with Jones. At no time did the court explain what rights Jones would be waiving. And the record does not indicate which of these rights Jones and his attorney discussed. Moreover, on the record before this court, it is difficult to determine whether the court inquired into whether Jones understood the charges against him. Nothing indicates that the court discussed the charges against Jones other than to mention that he was pleaded guilty to possession with intent to distribute crack. Notably, Jones had many other arrests and convictions for drug offenses, and § 841 is not a "complicated" offense. See United States v. Telemaque, 244 F.3d 1247, 1249 (11th Cir. 2001). Nevertheless, the record is devoid of evidence that the court met the core concerns of Rule 11.

Moreover, in his appellate brief, Jones proffers that there is a reasonable probability that he would not have pleaded guilty had he understood that he could

cross-examine witnesses.  Thus, Jones has met his burden to show plain error. Dominguez-Benitez, 542 U.S. at 84 n.10.

Furthermore, as the government concedes, the record is inadequate to determine if Jones's plea colloquy was sufficient under Rule 11.  Therefore, we vacate the plea and sentence and remand.  Accordingly, we do not address Jones's sentencing issue.

VACATED and REMANDED.